**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**:**

**Plaintiff,**

**v.**

**Case No. 2:25-cr-169**
**Chief Judge Sarah D. Morrison**

**TOLLIVER CUNNINGHAM,**

**:**

**Defendant.**

# OPINION AND ORDER

In October 2025, Tolliver Cunningham was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), based on his alleged conduct on May 20, 2025 ("Count One"). (Indictment, ECF No. 13.) Almost a year later, in September 2026, Mr. Cunningham was charged with another count of being a felon in possession of a firearm based on his alleged conduct on September 25, 2025 ("Count Two"). (Superseding Indictment ("SSI"), ECF No. 61.)

Mr. Cunningham now moves to sever Count One from Count Two and to try each count separately. (Mot., ECF No. 69.) The Government opposes. (Resp., ECF No. 73.) For the reasons below, the Motion is **DENIED**.

## I. STANDARD OF REVIEW

The Government may join two or more offenses in the same indictment if the offenses charged are "of the same or similar character," "based on the same act or transaction," or "connected with or constitute parts of a common scheme or plan."

Fed. R. Crim. P. 8(a). Joinder under Rule 8(a) "is permissive," and courts are to construe the rule broadly so as to promote trial convenience and judicial efficiency. *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (citation omitted); *see also, e.g.*, *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009) ("Rule 8(a) should be construed in favor of joinder[.]" (internal quotations and citation omitted)). "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (citations omitted).

Even when joinder is appropriate under Rule 8(a), courts retain discretion to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Pertinent here, a court may order separate trials under Rule 14(a) if an indictment "appears to prejudice a defendant or the [G]overnment." *Id.* A defendant seeking severance bears the heavy burden of showing "compelling, specific, and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017); *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). Sufficient prejudice exists in cases where "the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each charge." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). Still, measures less drastic than severance, such as limiting instructions, will often suffice to cure any risk of prejudice. *Cf. Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Unlike joinder under Rule 8(a), which is limited to a review of the indictment, the propriety of ordering separate trials under Rule 14(a) is focused on

the evidence likely to be presented at trial." *United States v. Al-Din*, 631 F. App'x 313, 327 (6th Cir. 2015) (citing *Chavis*, 296 F.3d at 457–58).

## II. ANALYSIS

Mr. Cunningham argues that the Government's joinder of Counts One and Two is improper because the conduct underlying those counts occurred months apart and involved distinct circumstances. (Mot., PAGEID # 228.) He further urges the Court to find prejudice, insisting that trying both counts together would create an "aggregate inference of guilt based upon the combined presentation of evidence from separate offenses." (*Id.*, PAGEID # 230.)

Looking first to the propriety of joinder under Rule 8(a), courts "examine several factors in analyzing the question of whether the offenses are substantially similar, including the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crime[,] and the identity of the victims." *United States v. Skeens*, No. 1:21-CR-88, 2022 WL 1477773, at *2 (S.D. Ohio May 10, 2022) (McFarland, J.) (internal quotations and citation omitted). Here, Counts One and Two charge the same statutory offense with the same elements—namely, possession of a firearm by a felon. (*See* SSI, PAGEID ## 178–79.) Mr. Cunningham concedes that the two counts "allege similar conduct." (Mot., PAGEID # 228.) Moreover, the acts are charged to have occurred over a relatively brief time period in the same general physical location. (*See* SSI, PAGEID ## 178–79; Resp., PAGEID # 236.) The

Court concludes that Counts One and Two are "of the same or similar character," such that joinder is proper.

Turning to severance under Rule 14(a), Mr. Cunningham has not met his burden to demonstrate the requisite prejudice. He argues that joinder is "unduly prejudicial," but the only potential prejudice that he asserts is the risk that the jury may conflate evidence when separately considering Counts One and Two. (Mot., PAGEID ## 228–29). "[A]bsent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Lockridge*, No. 1:24-CR-48, 2026 WL 1251641, at *2 (S.D. Ohio May 7, 2026) (Cole, J.) (quoting *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006)). Courts presume that "juries are competent, follow instructions, and do not use evidence related to one crime to infer a defendant's guilt of another." *United States v. Porter*, No. 2:20-CR-95, 2022 WL 2915638, at *3 (S.D. Ohio July 25, 2022) (Morrison, J.) (citing *Chavis*, 296 F.3d at 461). Although Mr. Cunningham raises overarching concerns about jury confusion, he does not present any particular reason why the jury—which the Court will instruct to consider each count separately[1]—could not compartmentalize the evidence here. *Cf. United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002) ("[A] jury is presumed capable of considering each count separately." (citation omitted)). His speculation about the influence of

[1] Nor is the Court persuaded by Mr. Cunningham's conclusory contention that "[n]o limiting instruction will be able to overcome" any risk of prejudice from possible evidentiary spillover. (Mot., PAGEID # 229.) Indeed, the Sixth Circuit Pattern Jury Instructions provide exemplar instructions for cases (like Mr. Cunningham's) that involve a single defendant charged with multiple crimes. (*See* Resp., PAGEID # 243.)

the evidence on the jury, standing alone, is insufficient to show a prejudicial effect from the joinder of Counts One and Two.

## III. CONCLUSION

Counts One and Two were properly joined, and severance of those two counts is unwarranted because there is no significant risk of the jury failing to consider the evidence for each count separately. Mr. Cunningham's Motion (ECF No. 69) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**